IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOSEPH GLENN JONES, #118373**                                                      **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 2:06cv197KS-MTP**

**RON KING, Superintendent;**
**and STATE OF MISSISSIPPI**                                                  **RESPONDENTS**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner Jones, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the South Mississippi Correctional Institute, Leakesville, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusions.

### Background

The Petitioner was convicted of attempted felony escape in the Circuit Court of Jones County, Mississippi, on March 3, 2006. The Petitioner was sentenced to serve 30 months in the custody of MDOC for this conviction. The Petitioner states that his direct appeal was filed with the Mississippi Supreme Court on April 13, 2006, and the appeal is pending, cause number 2006-TS-00667-COA. *Amended Petition* [doc. 5], p.1-2.

In addition, the Petitioner was convicted of sexual battery in the Circuit Court of Jones County, Mississippi, on May 18, 2006. The Petitioner states that he was sentenced to serve 15 years in the custody of MDOC for this conviction. The Petitioner also states that his direct appeal was filed with the Mississippi Supreme Court on July 21, 2006, and the appeal is pending,

cause number 2006-TS-1243-COA.  *Amended Petition* [doc. 5], p.2-3.

Analysis

The relevant habeas statute, 28 U.S.C. § 2254, provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration.  *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief.  *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996).  Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999). It is clear that Petitioner is in the process of exhausting his state remedies since his direct appeals are pending with the Mississippi Supreme Court. As such, this application for federal habeas relief will be dismissed, without prejudice, for Petitioner's failure to exhaust his available state remedies.

      A final judgment in accordance with this Memorandum Opinion will be issued this date.

      SO ORDERED, this the <u>6th</u> day of September, 2006.

                                                    *s/Keith Starrett*
                                                  UNITED STATES DISTRICT JUDGE